UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JASMIN HERRERA, et al.,<br><br>　　　　　Defendants. | No.  1:24-cv-00896 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **AUGUST 20, 2024** |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  ECF Nos. 1, 2, 5 (complaint; in forma pauperis application; trust account statement, respectively).  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to exhaust administrative remedies.  He will be given fourteen days to file the showing of cause.

I.　　PROCEDURAL HISTORY

　　　　On August 2, 2024, Plaintiff's complaint and his application to proceed in forma pauperis

1

were docketed. ECF Nos. 1, 2. Shortly thereafter, in accord with 28 U.S.C. § 1915(a)(2), Plaintiff's prisoner trust fund account statement was filed thereby completing his in forma pauperis application. See ECF No. 5.

## II. THE COMPLAINT

### A. Facts Alleged and Remedy Sought

The record indicates that Plaintiff was an inmate at Kern Valley State Prison ("KVSP") at the time of the incidents in question.[1] See ECF No. 1 at 1-2. In the complaint, Plaintiff names three KVSP peace officer as defendants. Id. He raises three claims against Defendants stemming from an incident which allegedly occurred in May 2023. Id. at 3-5.

Plaintiff claims that the incident left him with head, neck, and lower extremity trauma. ECF No. 1 at 3. He seeks injunctive relief, various damages according to proof, and attorneys' fees. Id. at 6.

### B. Exhaustion Issue

In the complaint, Plaintiff states that administrative remedies are available at his institution. ECF No. 1 at 3-5 (Claims One, Two and Three). However, when asked whether he exhausted those remedies, in Claim 1 Plaintiff fails to check the box indicating that he appealed to the highest level, and in Claims 2 and 3 he marks the two boxes which indicate that he did not participate in the exhaustion process. See id.

## III. APPLICABLE LAW: THE EXHAUSTION REQUIREMENT

### A. The Prison Litigation Reform Act

Because Plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983. 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747

---

[1] Currently, Plaintiff is incarcerated at California Substance Abuse and Treatment Facility. See ECF No. 1 at 1.

F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

"[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007).  As a result, it is usually a defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).  The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

At the same time, however, a complaint may be subject to dismissal for failure to state a claim when an affirmative defense (such as failure to exhaust) appears on the face of the pleading. See Jones, 549 U.S. at 215 (parenthetical added) (citation omitted).  Exhaustion is not a jurisdictional requirement for bringing an action.  See Woodford, 548 U.S. at 101 (citing to 42 U.S.C. § 1997e(c)(2) to remind that matter may be dismissed on face if frivolous, malicious, or fails to state claim without first requiring exhaustion of administrative remedies).

Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies:  An inmate ... must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original).  In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable:  (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross,

3

578 U.S. at 643-44. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at 639. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 639.

### B. California Regulations Governing Exhaustion of Administrative Remedies

"The California prison system's requirements 'define the boundaries of proper exhaustion.' " Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford, 548 U.S. at 90. The appeal process is initiated by an inmate filing a "Form 602" the "Inmate/Parolee Appeal Form," and describing the specific issue under appeal and the relief requested. "The California prison grievance system has two levels of review. See Cal. Code Regs. tit. 15, §§ 3999.226(a)(1); 3481(a); 3483; 3485 (health care and standard grievances, respectively). An inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011)) (repealed); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

### IV. DISCUSSION

#### A. Has Plaintiff Brought His Action Before Exhausting Administrative Remedies?

##### 1. Section 1997e(a): Definition of "Brought"

Section 1997e(a) states that no action can be *brought* in federal court before prison remedies have been exhausted. 42 U.S.C. § 1997e(a); Jones, 549 U.S. at 202 (stating exhaustion must be completed before filing suit in federal court). In Vaden v. Summerhill, 449 F.3d 1047 (9th Cir. 2006), the Ninth Circuit determined that the word "brought" for Section 1997e(a) purposes means when the complaint is tendered to the district clerk, *not* when it is subsequently filed. Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012); Vaden, 449 F.3d at 1050 (agreeing with Ford v. Johnson, 362 F.3d 395, 400 (7th Cir. 2004) and adopting holding as its own); O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008) (citing Vaden, citing Ford); see generally Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative

4

remedies . . . before that complaint is tendered to the district court.").

The filing of a grievance serves to give a prison notice of the problem that a prisoner would like to have resolved.  See generally Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010); Parthemore v. Col, 221 Cal. App. 4th 1372, 1380 (2013).  Additionally, the purpose of the exhaustion requirement is to give corrections officials both the time and the opportunity to address complaints internally before a federal case is started.  Porter v. Nussle, 534 U.S. 516, 524-25 (2002); Vaden, 449 F.3d at 1050 (quoting Nussle).

### 2. Analysis

Plaintiff "brought" this action within the meaning of Section 1997e(a) when he gave it to the district clerk.  As set forth above, the complaint clearly indicates that Plaintiff had not exhausted his administrative remedies at KVSP prior to bringing this action.  See ECF No. 1 at 3-5.  Specifically, at the end of Claim 2 of the complaint in the space provided for an explanation as to why Plaintiff did not exhaust, Plaintiff states as follows: "did not know [he] could file a claim on CDCR's inaction. Lay-man-at-law, informed by writ writer."  Id. at 4 (brackets added) (errors in original).   Under Claim 3, when prompted again to explain his failure to exhaust Plaintiff writes: "Please Refer to Claim [2] Administrative Remedies".

Neither the fact that Plaintiff was unaware of how to proceed with an administrative review,  that he is a layman, or perhaps was  given incorrect information by a "writ writer" ,  none of these circumstances serves as a valid excuse under Ross  which would permit him to proceed with this case without having first exhausted.  Therefore, this matter should be dismissed without prejudice.  See Wyatt v. Terhune, 315 F.3d 1108, 1120 (2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies."), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).

However, prior to making the recommendation of dismissal, Plaintiff will first be ordered to show cause why it should not be.  He will be given fourteen days to do so.

### B. Plaintiff's In Forma Pauperis Application Is Premature

### 1. Definition of "Filed"

A complaint must be "brought," i.e., given to the district court clerk, before it can be filed.

A complaint is formally "filed" when a court authorizes the commencement of suit without prepayment of filing fees under 28 U.S.C. § 1915, which is the in forma pauperis statute. Vaden, 449 F.3d at 1050. This is because a district court needs time both to review an in forma pauperis application and to screen the substance of a complaint. Id.

2. Analysis

Because Plaintiff has "brought" this matter within the meaning of Section 1997e(a) *before* exhausting his administrative remedies, the Court cannot consider his complaint. See generally Albino, 747 F.3d at 1170 ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim."). As a result, formally filing the complaint by considering Plaintiff's application to proceed in forma pauperis and screening the pleading at this time would be premature. Therefore, the Court will not address Plaintiff's application to proceed in forma pauperis at this time, but instead the Court will address it after the question of exhaustion has been addressed by Plaintiff in his showing of cause.

Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of this order – **by August 20, 2024**, – Plaintiff shall SHOW CAUSE why this matter should not be dismissed for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a).

**Plaintiff is cautioned that failure to respond to this order within the time allotted may result in a recommendation that this matter be dismissed.**

**Plaintiff is further cautioned that absent exigent circumstances, no requests for extensions of time will be granted.**

IT IS SO ORDERED.

Dated:   **August 6, 2024**          /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE