UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK DAVIS,<br><br>   Plaintiff,<br><br>   v.<br><br>JASMIN HERRERA, et al.,<br><br>   Defendants. | No. 1:24-cv-0896 GSA (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF No. 6) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's response to an order to show cause. ECF Nos. 6, 8 (order to show cause; showing of cause, respectively). For the reasons stated below, the showing of cause will be discharged.

I. BACKGROUND

On August 7, 2024, after completing a cursory review of Plaintiff's complaint, the Court issued an order directing Plaintiff to show cause why this matter should not be dismissed for failure to exhaust administrative remedies. ECF No. 6. The showing of cause was to be filed by Plaintiff by August 20, 2024. Id. at 6.

Plaintiff has timely filed a showing of cause. ECF No. 8. In it, Plaintiff states that he has attempted to exhaust his administrative remedies at the highest level, but he has been unable to do so given prison officials' extreme delay in addressing his grievance appeals. Id. at 2. Specifically, he states that prison officials are afforded sixty days to respond to grievances; that it has been over a year since he filed his appeal at the highest level and that he has yet to receive a response. Id. at 2-3.

## II. DISCUSSION

It has been held that an administrative remedy is effectively unavailable when a prison's failure to respond prevents an inmate from taking advantage of its grievance system. Fordley v. Lizarraga, 18 F.4th 344, 354-55 (9th Cir. 2021) (citing Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017)). Therefore, consistent with Ross v. Blake, 578 U.S. 632 (2016), it appears that at this early screening stage, Plaintiff has provided a sufficient reason for not having exhausted his administrative remedies prior to filing his complaint in this Court. See id. at 643-44 (listing reasons that excuse failure to exhaust). Accordingly, the Court finds that Plaintiff's showing of cause is adequate and the order to show cause will be discharged. In so doing, however, Plaintiff is informed that this ruling does not prevent any viable defendant from raising the exhaustion issue in his or her pleadings at a later date.

Accordingly, IT IS HEREBY ORDERED that:

1. The showing of cause issued August 7, 2024 (ECF No. 6), is DISCHARGED, and
2. This discharge does not prevent a viable defendant from raising the question of exhaustion at a later date.

**Under separate order, the Court will address Plaintiff's application to proceed in forma pauperis. Thereafter, the complaint will be screened in due course.**

IT IS SO ORDERED.

Dated:   **August 20, 2024**               /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE