UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK DAVIS, | No. 1:24-cv-00896 GSA (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL |
| v. | |
| JASMIN HERRERA, et al., | |
| Defendants. | |

Plaintiff has requested the appointment of counsel. ECF No. 11. In support of the motion Plaintiff states that he cannot afford counsel, that his imprisonment will greatly limit his ability to litigate, and that a trial in this case will likely involve conflicting testimony. Id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his

claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff's complaint raises three straightforward claims against three defendants: excessive force, failure to protect, and cruel and unusual punishment. See ECF No. 1 at 3-5. In addition, a review of the filings Plaintiff has done to date does not indicate that he any cognitive or mental health deficiencies that would prevent him from competently litigating this case. For these reasons, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated:   **January 7, 2025**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE