UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK DAVIS, | No. 1:24-cv-00896 GSA (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (ECF No. 16) |
| JASMIN HERRERA, et al., | ORDER DENYING PLAINTIFF'S REQUEST TO DISREGARD LAST APPOINTMENT OF COUNSEL REQUEST AS UNTIMELY |
| Defendants. | |
| | (ECF No. 17) |

Plaintiff has filed a request for the appointment of counsel. ECF No. 16. This is the second motion for the appointment of counsel that he has filed within a very short time frame. See ECF No. 13 (appointment of counsel request docketed 1/24/25). For the reasons stated below, the motion will be denied.

I.   MOTION FOR THE APPOINTMENT OF COUNSEL

Some of the reasons Plaintiff offers in support of this request (i.e., he is indigent; possibility of conflicting testimony) are the same as the ones he offered in his previous request. Compare ECF No. 13, with ECF No. 16. However, the primary argument Plaintiff makes in the instant motion is that he has a mental health condition that limits his ability to communicate. ECF No. 16.

1

II. APPLICABLE LAW

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

III. DISCUSSION

As previously stated, the fact that Plaintiff is indigent and the fact that the issues in this case are allegedly complex, which they do not appear to be, do not constitute exceptional circumstances. In addition, the fact that Plaintiff has filed three requests for the appointment of counsel in the past couple of months indicates that Plaintiff has a more than adequate understanding of his case and how to manage it despite any mental health problems he may have. For these reasons, Plaintiff's motion will be denied. In so doing, **Plaintiff is informed that unless his circumstances change significantly, similar appointment of counsel requests will be summarily denied.** Finally, because the Court had already issued an order that addressed Plaintiff's previous appointment of counsel request, Plaintiff's instant motion which requests that the Court disregard that last-filed motion will be denied  untimely.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 16) is DENIED, and

2.  Plaintiff's request that the Court disregard his previously filed motion for the appointment of counsel (ECF No. 17) is DENIED as UNTIMELY.

IT IS SO ORDERED.

Dated:  **February 10, 2025**                              **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE