UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK DAVIS,<br><br>           Plaintiff,<br><br>      v.<br><br>JASMIN HERRERA, et al.,<br><br>           Defendants. | No.  1:24-cv-00896 GSA (PC)<br><br>ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 19) |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the Court appoint counsel. ECF No. 19. This is his fourth request in two months. See ECF Nos. 11, 13, 16. The last request was denied roughly two weeks ago. See ECF No. 18 (denial order dated 2/10/25). For the reasons stated below, the motion will be denied.

I.     PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's motion for the appointment of counsel, he states in part that he is indigent, that he has no legal training, and that he cannot afford an attorney. He also states that he is in punitive segregation with very limited access to legal materials, the issues in his case are complex, and that he is a participant in the mental health program due to his mental illness. See ECF No. 19 at 7-9.

II     DISCUSSION

  A.   Applicable Law

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

B. Analysis

Even if, as Plaintiff argues, his case has merit (see ECF No. 19 at 11), the reasons that he has provided in support of his motion for the appointment of counsel do not constitute exceptional circumstances. Therefore, having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 19) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **February 25, 2025**             /s/ Gary S. Austin
                                                             UNITED STATES MAGISTRATE JUDGE