# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>HERRERA, *et al.*,<br><br>        Defendants. | Case No.  1:24-cv-00896-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 24) |

        Plaintiff Malik Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

        Currently before the Court is Plaintiff's motion for the appointment of counsel, filed on October 21, 2025. (ECF No. 24.) This is Plaintiff's fifth request for the appointment of counsel. (*See* ECF Nos. 11, 13, 16, 19.) In support of his motion, Plaintiff asserts in part that he is unable to afford counsel, that he has no legal training, and that he has limited education. He also asserts that the issues in his case are complex, that he has requested a jury trial, hat he is a segregation inmate with limited access to the law library and legal material, that he has limited ability to investigate his claims, and he has been transferred to a different institution. (*Id.*)

        As Plaintiff has been informed on multiple occasions, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot

1

require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand,* 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners with limited education, no legal training, and limited law library access.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not been screened, and no defendants have appeared in the action. The Court therefore cannot conclude that Plaintiff's claims are likely to succeed on the merits. Further, based on a review of the record in this case, including his repeated motions to appoint counsel, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 24), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

    Dated: __October 23, 2025__            /s/ *Barbara A. McAuliffe* _
                                                          UNITED STATES MAGISTRATE JUDGE