# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK DAVIS, | Case No.  1:24-cv-896-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| JASMIN HERRERA, et al., | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| Defendants. | |
| | (ECF No. 27) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Malik Davis ("Plaintiff") is a state prisoner and is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint is currently before the Court for screening.  (ECF No. 27.)

## I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed in Salinas Valley State Prison.  The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP").  Plaintiff names as defendants (1) Jasmin Herrera, correctional officer, (2) Jaime Rivera, correctional officer, (3) Edward Renteria, correctional officer.

In claim 1, Plaintiff alleges an Eighth Amendment violation of excessive use of force (battery).  On May 17, 2023 and days prior, Plaintiff was being harassed by several inmates.  Plaintiff was compelled to physically attack those inmates known to KVSP administration and were harassing Plaintiff.  Responding staff applied OC pepper spray to quell the incident, placing all participants in mechanical restraints. Plaintiff was escorted by Defendant Jasmin Herrera to the patio of C-Facility, 15-50 ft away from where the incident was quelled.  During the escort Plaintiff was in restraints, while both hands were restrained behind his back.  Plaintiff was unable to see.  Defendant Jasmin Herrera asked Plaintiff do you want to decontaminate.  Seconds later Plaintiff was being thrown to the ground by Jasmin Herrera with assistance from defendant Jaime Rivera and Edward Renteria.

Plaintiff was able to look over his shoulder and identified Jasmin Herrera kick Plaintiff in the face.  Seconds later Plaintiff's hair was being pulled and punched in Plaintiff's lower back.  Plaintiff identified Defendant Jaime Rivera and Defendant Edward Renteria directly behind

2

Plaintiff applying the force as well as pulling Plaintiff's hair, punching and kicking Plaintiff.

Plaintiff sustained head, neck, knee and lower extremity trauma while being battered by Defendants.  Plaintiff alleges there is body cam footage of the incident.

On May 11, 2023, Plaintiff was released from KVSP administrative segregation to C-yard facility after an investigation for enemy concerns "minutes after the determination by (C.C.I.) classification committee to release [Plaintiff] to general population."  Plaintiff was escorted from where the committee was held, and Plaintiff told the escorting officer that it was unsafe for Plaintiff to go to C-yard facility.  Hours after Plaintiff was placed into a cage, Plaintiff spoke with the supervising staff.  Plaintiff explained to the captain and sergeants who had come to Plaintiff's cage that if more information is needed, Plaintiff would provide additional information.  Plaintiff requested to remain in segregated housing until a new investigation was completed with more information.  The captain suggested an escort to C Facility and Plaintiff said that was not safe for Plaintiff.  Plaintiff denied all alternatives and the captain concluded that extraction was more appropriate.

Before and during the extraction, Plaintiff was in mechanical restraints until placed into a cell on C yard facility.  Once Plaintiff arrived to C yard facility during the extraction by van, there were several staff to assist the extraction team with the extraction escort.

Defendant Jasmin Herrera became a main participant of the extraction.  After being placed into a cell, the sergeant who was to conduct the interview on C yard concerning Plaintiff's safety concern, informed Plaintiff he would return to conduct the safety interview but never returned.  They forced Plaintiff to C yard knowing the threat to Plaintiff's safety.

In claim 2, referring back to claim 1, Plaintiff alleges that he offered to provide the classification committee more information if needed for any classification member.  Plaintiff again informed defendants cohorts of the events/threats, yet this incident should have been "intervened."  Defendants Jasmin Herrera, Jamie Rivera, Edward Renteria were a substantial factor in not preventing the incident and when Plaintiff stayed true to his statement of not allowing himself to be physically hurt, Defendants retaliated causing harm to Plaintiff including physical pain, suffering, loss of safety and opportunity to reenter society by taking behavioral

credits. Plaintiff alleges they retaliated causing him harm including physical pain, suffering, loss of care.

As remedies, Plaintiff seeks compensatory and punitive damages.

### III.    Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983, except as noted below.

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is relatively short, but it is not a plain statement of his claims. While it identifies the specific claims, the allegations are conclusory as to what happened and who was involved. Plaintiff must clearly state factual support for what happened, when it happened, and who was involved. Plaintiff uses the word "they" and "staff" when describing what happened to him and it is unclear which defendants engaged in harm. Plaintiff does not allege what each defendant did or did not do to violate his rights. General assertions regarding Plaintiff's rights are not sufficient, and Plaintiff may not merely state he was denied rights without stating the factual support for denial of those right.

In addition, Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Plaintiff must link each defendant to purported constitutional violations. Plaintiff may be attempting to assert claims against the I.C.C. committee members, but fails to name any

4

individual as defendants.  Fed. R. Civ. P. 10.

**Eight Amendment - Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.  Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Liberally construing the allegations, Plaintiff states a cognizable claim against Defendants Jasmin Herrera, Jaime Rivera, and Edward Renteria for excessive force in violation of the Eighth Amendment for the force used during the escort after Plaintiff was removed from the fight on May 17, 2023.

**Eighth Amendment - Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and

from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners or others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir.2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040. Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. *See Farmer*, 511 U.S. at 835, 114 S.Ct. 1970.

To the extent Plaintiff's claim concerns a housing determination, there is no constitutional violation. An inmate has no constitutional right to a particular security classification or housing. 476 F.3d 716, 718 (9th Cir. 2007). In *Myron v. Terhune*, the Ninth Circuit held that a state prisoner's allegedly improper classification to a higher-level security facility than indicated by his individual security classification did not violate the Eighth Amendment. *Myron*, 476 F.3d at 719. As the court noted, because "the mere act of classification 'does not amount to an infliction of pain,' it 'is not condemned by the Eighth Amendment.' " *Id.* (citation omitted).

The Constitution does not require that plaintiff be placed in "protective custody," only that the defendants take reasonably available measures to abate a substantial the risk of harm. See

6

*Myron v. Terhune*, 476 F.3d at 719 (rejecting an Eighth Amendment claim based on alleged improper classification to a Level IV prison because "the mere act of classification" does not amount to the infliction of pain); *see also Hall v. Tilton*, No. C 07–3233 RMW (PR), 2010 WL 2629914 at *4 (N.D. Cal. June 29, 2010) (rejecting a prisoner's claim that retaining him in a Level III facility when he was a Level II inmate violated his rights under the Eighth Amendment), aff'd 530 Fed. Appx. 690 (9th Cir. 2013).

If his assailants were "unknown," it is uncertain how defendants knew of and were positioned to prevent the attack or even whether the attack was premised on his new classification. There are no factual allegations that Defendants Jasmin Herrera, Jaime Rivera, and Edward Renteria knew of the risk of harm to Plaintiff, that he would be harmed, and were deliberately indifferent to that harm.  Plaintiff does not describe how each of the defendants was actually aware of a specific threat to his safety.  *See Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) ("speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm").  Conclusory allegations are insufficient.  Further, members of the classification committee are not defendants in this case.  Fed. R. Civ. P. 10.  Even so, Plaintiff fails to allege what information was before them or whether each member was personally aware of the specific health and safety risks.

**First Amendment – Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. *Rizzo v. Dawson*, 778 F.2d 5527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff fails to state a cognizable claim. Plaintiff fails to allege any protected conduct he engaged in.  Conferring with the I.C.C. has not been recognized as a constitutionally protected conduct.  An inmate has no constitutional right to a particular security classification or housing. *Myron*, 476 F.3d at 718.  Plaintiff has failed to allege the facts for each of the elements of a claim for retaliation. Plaintiff fails to allege who retaliated against him.  Plaintiff fails to allege that any conduct chilled Plaintiff's First Amendment rights or that it did not reasonably advance a legitimate correctional goal.

**IV.      Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's first amended complaint (ECF No. 27), filed on November 12, 2025, states a cognizable claim against Defendants Jasmin Herrera, Jaime Rivera, and Edward Renteria for excessive force in violation of the Eighth Amendment for the force used during the escort after Plaintiff was removed from the fight on May 17, 2023.

However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendant.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this action.

* * *

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed on November 12, 2025, against Defendants Jasmin Herrera, Jaime Rivera, and Edward Renteria for excessive force in violation of the Eighth Amendment for the force used during the escort after Plaintiff was removed from the fight on May 17, 2023; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to

8

Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 24, 2026**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE