# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MALIK DAVIS,

Plaintiff,

v.

HERRERA, *et al.*,

Defendants.

Case No. 1:24-cv-00896-KES-BAM (PC)

ORDER DENYING MOTION TO REQUEST VOLUNTEER ASSISTANCE OF COUNSEL

(ECF No. 38)

Plaintiff Malik Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim in the first amended complaint for excessive force during an escort on May 17, 2023, against Defendants Jasmin Herrera, Jaime Rivera, and Edward Renteria.

Currently before the Court is Plaintiff's motion to request the volunteer assistance of counsel, filed on July 13, 2026. (ECF No. 38.) This is Plaintiff's sixth request for the appointment of counsel. (*See* ECF Nos. 11, 13, 16, 19, 24.) In support of his motion, Plaintiff indicates that he has requested assistance of counsel in the past and was denied "due to the early stage in this complaint that was not yet screened." (ECF No.38 at 1.) Plaintiff notes that the complaint was screened and states a cognizable claim against defendants for excessive use of force. Plaintiff asserts in part that he is unable to afford counsel, he has no legal training, and he has limited education. He also asserts that the issues in his case are complex, he has requested a

jury trial, he has limited ability to gather facts, including body worn camera footage, AVSS footage, and medical records, he has been transferred to a different institution, he has been experiencing retaliation by correctional officers due to processing a lawsuit, and he has been deprived legal forms, copies of documentation, and access to the law library. (*Id.* at 1-2.) Plaintiff contends he will be competing against trained professionals that are defending the defendants and requests the Court appoint counsel in order to have a fair opportunity at trial. (*Id.* at 2.)

As Plaintiff has been informed on multiple occasions, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand,* 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners with limited education, no legal training, and limited law library access.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's first amended complaint has been screened, but defendants have not yet filed a responsive pleading. The Court therefore cannot conclude that Plaintiff's claims are likely to succeed on the merits. Further, based on a review of the record in this case, including his repeated motions to appoint counsel and his ability to state a cognizable

claim, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 38), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **July 16, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE