# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MALIK DAVIS,

Plaintiff,

v.

HERRERA, *et al.*,

Defendants.

Case No. 1:24-cv-00896-KES-BAM (PC)

ORDER GRANTING DEFENDANTS' REQUEST FOR SCREENING AND EXTENSION OF RESPONSIVE PLEADING DEADLINE (ECF No. 53)

## I. Background

Plaintiff Malik Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Jasmin Herrera, Jaime Rivera, and Edward Renteria for excessive force in violation of the Eighth Amendment.

On July 29, 2026, the Court extended the deadline for Defendants to file a responsive pleading to August 18, 2026. (ECF No. 43.)

On July 31, 2026, Plaintiff filed a "Government Claim and Fee Waiver to be Added to Complaint," which seeks to add a state law claim for battery against Defendants and corresponding damages in the amount of $15,000,000.00. (ECF No. 44.) Plaintiff alleged that he obtained fluid in both knees, as well as back, wrist, head injuries during the act of battery on an inmate. Plaintiff stated that he seeks damages for emotional distress, mental abuse, anxiety, and

depression all caused during and after the alleged excessive use of force (battery) on May 17, 2023. (*Id.*)

On August 13, 2026, at the parties' request, the Court set this case for a settlement conference and stayed the action to allow the parties an opportunity to settle their dispute. (ECF No. 45.) The Court instructed the parties that no pleadings or other documents were to be filed during the stay of the action. (*Id.*)

On August 18, 2026, during pendency of the stay, Plaintiff filed a motion to amend the complaint to add official capacity claims against Defendants. (ECF No. 47.)

The Court held a settlement conference on August 26, 2026. (ECF No. 50.) The case did not settle. (*Id.*) Accordingly, on August 27, 2026, the Court lifted the stay of proceedings and directed Defendants to file a response to the first amended complaint within twenty-one (21) days. (ECF No. 52.)

On September 8, 2026, Defendants filed a motion requesting screening of Plaintiff's motion to amend the complaint and Plaintiff's government claim and fee waiver to be added to the complaint. (ECF No. 53.) Defendants also request that the Court extend the deadline to file a responsive pleading to 30 days after the screening order is issued, or, if the Court declines to issue a screening order, to 30 days after the Court declines to issue a screening order. (*Id.*)

Plaintiff has not had an opportunity to respond to Defendants' motion, but the Court finds a response unnecessary. Defendants' motion is deemed submitted. Local Rule 230(l).

**II. Request for Screening**

Defendants request that the Court screen Plaintiff's motion to amend the complaint and Plaintiff's government claim and fee waiver to be added to the complaint. (ECF No. 53.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

Here, the Court screened the operative first amended complaint on March 24, 2026, and

the action currently proceeds on Plaintiff's claim for excessive force during an escort on May 17, 2023, against Defendants. (*See* ECF Nos. 29, 30, 31.) Plaintiff has not filed a second amended complaint, which would be subject to screening, and has instead sought to amend his complaint to add a state law claim for battery, corresponding damages, and an official capacity claim. The Court therefore construes Defendants' request for screening as a request to address Plaintiff's pending motions seeking to amend the first amended complaint. As so construed, Defendants' request will be granted, and the Court will address the pending motions to amend by separate order in due course.

**III. Extension of Responsive Pleading Deadline**

Defendants also request that the Court extend the responsive pleading deadline to 30 days after the screening order is issued, or, if the Court declines to issue a screening order, to 30 days after the Court declines to issue a screening order. (ECF No. 53 at 2.)

Because the Court intends to address the pending motions to amend, the Court finds good cause to grant an extension of the responsive pleading deadline pending resolution of those motions. Fed. R. Civ. P. 6(b). The Court further finds that Plaintiff will not be prejudiced by the brief extension given that this case is in its early stages and a discovery and scheduling order has not been issued.

**IV. Conclusion and Order**

For the reasons stated, it is HEREBY ORDERED that:

1. Defendants' request for screening, construed as request to address Plaintiff's motion seeking to amend the first amended complaint, (ECF No. 53), is GRANTED;
2. Defendants' request to extend the responsive pleading deadline is GRANTED; and
3. Defendants shall file a responsive pleading within 30 days after the Court resolves the pending motions to amend.

IT IS SO ORDERED.

Dated: **September 17, 2026** /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE