# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK DAVIS,<br>Plaintiff,<br>v.<br>HERRERA, *et al.*,<br>Defendants. | Case No. 1:24-cv-00896-KES-BAM (PC)<br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS TO AMEND COMPLAINT<br>(ECF Nos. 44, 47)<br>**FOURTEEN (14) DAY DEADLINE** |

## I. Introduction

Plaintiff Malik Davis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Jasmin Herrera, Jaime Rivera, and Edward Renteria for excessive force in violation of the Eighth Amendment.

Currently before the Court are Plaintiff's "Government Claim and Fee Waiver to be Added to Complaint," which seeks to add a state law claim for battery against Defendants and corresponding damages, filed on July 31, 2026, and Plaintiff's motion to amend the complaint to add official capacity claims against Defendants, filed on August 18, 2026. (ECF Nos. 44, 47). The Court construes these filings as motions to amend the complaint. On September 8, 2026, Defendants filed a request for screening and arguing against the proposed amendments, which the Court construed as a request to address Plaintiff's pending motions to amend. (ECF Nos. 53, 54.)

Plaintiff did not reply. The motions to amend are deemed submitted. Local Rule 230(l).

For the reasons that follow, the Court will recommend that Plaintiff's motions for leave to amend be denied.

## II. Relevant Background

Plaintiff initiated this action on August 2, 2024. (ECF No. 1.) Plaintiff filed a first amended complaint on November 12, 2025. (ECF No. 29.) The Court screened the first amended complaint on March 24, 2025, and issued findings and recommendations that recommended this action proceed against Defendants Jasmin Herrera, Jaime Rivera, and Edward Renteria for excessive force in violation of the Eighth Amendment for the force used during the escort after Plaintiff was removed from the fight on May 17, 2023, but that all other claims and defendants be dismissed. (ECF No. 29.) The district court adopted the findings and recommendations on April 22, 2026, and the Court subsequently ordered service of the first amended complaint. (ECF Nos. 30, 31.)

On July 29, 2026, the Court granted Defendants' request for an extension of time to file a responsive pleading based, in part, on the parties' agreement to attend an early settlement conference. (ECF No. 43.)

On July 31, 2026, Plaintiff filed his "Government Claim and Fee Waiver to be Added to Complaint," seeking to add a state law claim for battery against Defendants and corresponding damages in the amount of $15,000,000.00. (ECF No. 44.) Plaintiff alleges that he obtained fluid in both knees, as well as back, wrist, and head injuries during the act of battery on an inmate. Plaintiff states that he seeks damages for emotional distress, mental abuse, anxiety, and depression all caused during and after the alleged excessive use of force (battery) on May 17, 2023. (*Id.*) Plaintiff attaches a government claim form and a fee waiver form, both dated July 27, 2026. (*Id.* at 2-8.)

On August 13, 2026, at the parties' request, the Court set this case for a settlement conference and stayed the action to allow the parties an opportunity to settle their dispute. (ECF No. 45.) The Court instructed the parties that no pleadings or other documents were to be filed during the stay of the action. (*Id.*)

On August 18, 2026, while the action was stayed, Plaintiff filed a motion to amend the complaint to sue the individual defendants in their official capacities. (ECF No. 47.)

The Court held a settlement conference on August 26, 2026. (ECF No. 50.) The case did not settle. (*Id.*) Accordingly, on August 27, 2026, the Court lifted the stay of proceedings and directed Defendants to file a response to the first amended complaint within twenty-one (21) days. (ECF No. 52.)

On September 8, 2026, Defendants filed a motion requesting screening of Plaintiff's motions to amend. (ECF No. 53.) Defendants also sought an extension of the responsive pleading deadline. (*Id.*) The Court granted the request, which it construed as a request to address Plaintiff's motion seeking to amend the first amended complaint, and extended the responsive pleading deadline. (ECF No. 54.)

**III. Plaintiff's Motions to Amend**

**A. Legal Standard**

Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.

1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

**B. Discussion**

Here, the Court finds that leave to amend is not warranted due to futility of amendment. Plaintiff first seeks to add a state law claim for battery. However, Plaintiff has failed to demonstrate compliance with the claim presentation requirements of the Government Claims Act. California's Government Claims Act1[1] requires that a claim against the State or its employees[2] "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal. 4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has not demonstrated compliance with the claim presentation requirements of the Government Claims Act, nor can he establish such compliance. The events at issue occurred

---

[1] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[2] " 'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

in May 2023. Plaintiff's Government Claim is dated July 27, 2026, more than three years later, and well after the six-month deadline. (*See* ECF No. 44 at 2-3.) Thus, Plaintiff's proposed amendment to add a state law battery claim is futile.

Plaintiff also seeks leave to amend to sue defendants in their official capacities. However, Plaintiff only seeks monetary damages in this action, and he may not pursue his claims for monetary damages against the named defendants in their official capacities. "Suits against state officials in their official capacity . . . should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166 (emphasis in original).

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override . . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Because claims for monetary damages against the named defendants in their official capacities

are barred by the Eleventh Amendment, Plaintiff's proposed amendment to add such claims is futile.

**IV. Conclusion and Recommendation**

For the reasons discussed, it is HEREBY RECOMMENDED that Plaintiff's motions to amend the complaint (ECF Nos. 44, 47) be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 29, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE